

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | No. 17-35404 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01461-JLR |
| v. | MEMORANDUM[*] |
| ZILLOW, INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 6, 2020
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[**] District Judge.

Zillow, Inc. appeals the district court's order entering judgment on the

pleadings in favor of National Union Fire Insurance Company of Pittsburgh, Pa.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable John R. Tunheim, United States Chief District Judge for the District of Minnesota, sitting by designation.

("National Union") and dismissing Zillow's counterclaims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand for further proceedings.

1.      Zillow challenges the district court's declaration that Zillow's professional liability insurance policy ("Policy")—which provided coverage "solely with respect to Claims first made against an Insured during the Policy Period . . . and reported to the Insurer"—did not cover a copyright-infringement lawsuit brought against Zillow by VHT, Inc. during the Policy Period ("VHT Action"). The district court determined that, because the VHT Action was "based on the same wrongful conduct" as that alleged by VHT, Inc. in a demand letter sent to Zillow prior to the Policy Period ("VHT Demand Letter"), the VHT Demand Letter and the VHT Action comprised "a single Claim that was first made" prior to the Policy Period, and thus was not covered by the Policy.

The district court's interpretation finds no support in the plain language of the Policy. Instead, the Policy defines a "Claim" as *either* "(1) a written demand for money, services, non-monetary relief or injunctive relief; *or* (2) a Suit." A "Suit" is further defined as "a civil proceeding for monetary, non-monetary or injunctive relief, which is commenced by service of a complaint or similar

pleading." The VHT Action falls squarely within the definition of a "Suit," and is therefore a "Claim," which was made during the Policy Period.

National Union nevertheless maintains that the Policy's use of the phrase "Claims first made" implicitly requires that the VHT Demand Letter and the VHT Action be treated collectively as a single Claim for purposes of coverage, because both Claims are based upon the same wrongful conduct. But, unlike a number of other claims-first-made policies cited by both parties, the Policy does not contain a provision expressly providing for the integration of factually related Claims. Had National Union wanted factually similar Claims to be integrated under the Policy's coverage provision, it could have easily drafted the Policy to include such a requirement. *See Queen City Farms, Inc. v. Cent. Nat'l Ins. Co. of Omaha*, 882 P.2d 703, 713 (Wash. 1994) ("As [the insured] correctly notes, if the insurers wanted an objective standard to apply, they could easily have drafted language to that effect.").

As Zillow argues, several other provisions in the Policy underscore that factually related Claims are not necessarily integrated under the coverage provision. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002) ("Interpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect."). For example, the

Policy includes an exclusion from coverage for Claims "alleging, arising out of, based upon or attributable to any Wrongful Acts, or any Related Acts thereto, alleged or contained in any Claim which has been reported, or in any circumstances of which notice has been given, under any [prior policy]." If National Union were correct that factually related Claims were integrated under the Policy's "Claims first made" provision, this exclusion would be rendered meaningless, because any Claim involving the same Wrongful Act as that alleged in an earlier Claim made under a prior policy would already fall outside of the Policy's coverage provision. *See Kut Suen Lui v. Essex Ins. Co.*, 375 P.3d 596, 602 (Wash. 2016) (refusing to interpret an insurance policy in a manner that would cause language to become superfluous and without meaning).

However, while the Policy does not expressly require the integration of factually related Claims, neither does it unambiguously resolve the coverage issue before us. Zillow maintains that, under the Policy's disjunctive definition of a Claim, the VHT Demand Letter (i.e., "a written demand") and the VHT Action (i.e., "a Suit") must be considered "separate and distinct" Claims for coverage purposes. While we do not agree with the district court's reasoning that the Policy's use of the word "or" in the definition of a "Claim" was merely "required by basic grammatical considerations," we do not find the Policy's coverage

4

provision as unambiguous as Zillow contends. In particular, the Policy's use of the term "Claims *first* made" suggests that—under circumstances unclear from the language of the Policy—a Claim made against Zillow might be the reassertion of a prior unreported Claim. A contrary conclusion would render superfluous the Policy's use of the word "first." *See Kut Suen Lui*, 375 P.3d at 602.

Because the Policy "is fairly susceptible to two different interpretations, both of which are reasonable," we find the Policy's "Claims first made" coverage provision ambiguous. *See Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005) (quoting *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000)). Under Washington law, "[i]f a clause is ambiguous, [a court] may rely on extrinsic evidence of the intent of the parties to resolve the ambiguity. Any ambiguity remaining after examination of the applicable extrinsic evidence is resolved against the insurer and in favor of the insured." *Id.* (citation omitted). We therefore reverse and remand to the district court for consideration of any admissible extrinsic evidence of the parties' intent to resolve the ambiguity in the coverage provision. After considering the extrinsic evidence, any remaining ambiguity relating to the coverage issue must be resolved in favor of Zillow.

2. Zillow also argues that the district court erred in dismissing its breach-of-contract counterclaim, which alleges that National Union breached its duty to

defend under the Policy "by failing to pay or reimburse any of Zillow's defense costs." Zillow maintains that National Union's duty to defend was triggered by notice of the VHT Action, and that National Union cannot be relieved of that duty until it is clear that the VHT Action is not covered by the Policy. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010).

Even assuming, for the sake of argument, that National Union had a duty to defend Zillow in the VHT Action, Zillow failed to plausibly allege that National Union *breached* its duty by not paying Zillow's defense costs. *See Nw. Indep. Forest Mfrs. v. Dep't of Labor and Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Under the plain language of the Policy, "[f]ees, costs, charges, billings and any other expense incurred through any law firm" not selected in accordance with the procedures set forth in Endorsement #5 "*shall not be recoverable* under this policy as Defense Costs or otherwise." Zillow does not allege that its defense counsel in the VHT Action were selected in accordance with Endorsement #5's procedures. In fact, the record reflects the contrary.

Accordingly, because Zillow does not allege that National Union breached its duty to defend by failing to pay or reimburse defense costs *recoverable* under the Policy, Zillow has failed to state a plausible claim for relief. Therefore, the district court properly dismissed Zillow's breach-of-contract counterclaim. *See*

6

*Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017) ("[I]f the district court's order can be sustained on any ground supported by the record that was before the district court at the time of the ruling, we are obliged to affirm the district court." (quoting *Jewel Cos., Inc. v. Pay Less Drug Stores Nw. Inc.*, 741 F.2d 1555, 1564–65 (9th Cir. 1984))).

3.      Although the district court properly dismissed Zillow's breach-of-contract counterclaim, Zillow argues that the district court erred in denying it leave to amend on grounds of futility. In particular, Zillow maintains on appeal that "[q]uestions of fact exist as to whether National Union waived any condition or requirement in the Policy on selection of counsel." Because we do not find that "it is clear, upon *de novo* review, that the [counterclaim] could not be saved by any amendment," we reverse and remand to the district court to reconsider whether amendment is appropriate. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).

Each party shall bear its own costs on appeal.

**REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings.**